≈JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Elizabeth Wells, individually and on behalf of all others similarly situated

## DEFENDANTS
SPRING MILL COUNTRY CLUB

**(b)** County of Residence of First Listed Plaintiff: **Bucks County, PA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Bucks County, PA**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kalikhman & Rayz, LLC 1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006 (215) 364-5030

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 12101 et seq.

Brief description of cause:
Violation of the Americans With Disabilities Act

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: 12/5/16

SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: c/o Kalikhman & Rayz, LLC 1051 County Line Rd., Suite "A" Huntingdon Valley, PA

Address of Defendant: 80 Jacksonville Road, Ivyland, Pennsylvania 18947

Place of Accident, Incident or Transaction: Eastern District of Pennsylvania
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 42 U.S.C. § 12101 et seq.

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Arkady "Eric" Rayz, Esq., counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 12/3/2016    _____    87976
                   Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/3/2016    _____    87976
                   Attorney-at-Law              Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| WELLS | : | CIVIL ACTION |
| v. | : | |
| SPRING MILL COUNTRY CLUB | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

| 12/3/16 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 364-5030 | (215) 364-5029 | erayz@kalraylaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH WELLS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPRING MILL COUNTRY CLUB,<br><br>Defendant. | Case No.<br><br><br>CLASS ACTION COMPLAINT<br><br><br>Jury Trial Demanded |

**CLASS ACTION COMPLAINT**

Plaintiff Elizabeth Wells ("Plaintiff" or "Wells"), on behalf of herself and all others similarly situated and alleges as follows:

**INTRODUCTION**

1.     Plaintiff Wells is an "individual with a disability" as that term is understood pursuant to Title III of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq.*, and its implementing regulations.

2.     Plaintiff Wells has suffered from a long history of mobility-related impairments, which began with the removal of the cartilage in both knees that arose from a work-related injury in the 1980s. In 2001, she underwent double knee replacement. Despite this surgery, Plaintiff still has (i) limited mobility, (ii) trouble walking distances and up/down steep inclines, and (iii) trouble walking on uneven or unsecure surfaces (such as sand, gravel, soft dirt).

3.     Plaintiff currently suffers from osteoarthritis and traumatic arthritis of the left ankle, which required surgery from which she is still recovering. To maintain her limited mobility, these problems require her to use a physician-prescribed walker or cane on a daily

basis, and have, at times, required her to need the assistance of a wheelchair.

4. Naturally, Plaintiff's vehicle is registered as a handicapped vehicle with the Commonwealth of Pennsylvania's Department of Transportation and consequently, bears a handicapped license plate.

5. Because of her condition, Plaintiff requires the use of handicap parking spaces in order to provide her with sufficient space for access to and from her motor vehicle.

6. Plaintiff has patronized Defendant's facilities in the past, and will do so in the future.

7. As set forth below, Plaintiff was denied full access to Defendant's facility due to its non-compliance with the ADA. As set forth below, Defendant has failed to comply with the ADA's regulations regarding handicap parking. As such, Plaintiff alleges that Defendant violated the ADA and its implementing regulations.

8. Unless Defendant corrects the access barriers detailed herein, Plaintiff will be denied safe and full access to Defendant's facilities.

9. The ADA permits private individuals, such as Plaintiff, to bring suit in federal court so as to compel compliance with the ADA.

10. Accordingly, and on behalf of a class of similarly situated individuals, Plaintiff seeks: (i) a declaration that Defendant's facility violates federal law as described; and (ii) an injunction requiring Defendant to remove the identified access barriers so that Defendant's facility is fully accessible to, and independently usable by, physically-impaired individuals such as Plaintiff and the class she seeks to represent.

11. Plaintiff also requests that once Defendant is fully in compliance with the requirements of the ADA, the Court retain jurisdiction for a period of time to be determined to

ensure that Defendant has adopted and is following an institutional policy that will, in fact, cause Defendant to remain in compliance with the law.

## JURISDICTION AND VENUE

12. This Court has federal question jurisdiction over the ADA claims asserted herein pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

13. Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

14. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

15. Plaintiff Elizabeth Wells ("Plaintiff" or "Wells") is and, at all times relevant hereto, was a resident of the Commonwealth of Pennsylvania. Plaintiff Wells is and, at all times relevant hereto, has been a legally handicapped individual, and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.*

16. Defendant SPRING MILL COUNTRY CLUB ("Spring Mill") is a business incorporated under the laws of the state of Pennsylvania. Defendant is a public accommodation pursuant to 42 U.S.C. § 12181(7)(F).

## TITLE III OF THE ADA

17. On July 26, 1990, President George H.W. Bush signed into law the ADA, a comprehensive civil rights law prohibiting discrimination on the basis of disability.

18. The ADA broadly protects the rights of individuals with disabilities with respect

to employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

19. Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12181-89.

20. On July 26, 1991, the Department of Justice ("DOJ") issued rules implementing Title III of the ADA, which are codified at 28 CFR Part 36.[1]

21. Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 CFR part 36) contains the ADA standards for Accessible Design ("1991 Standards"), which were based upon the Americans with Disabilities Act Accessibility Guidelines ("1991 ADAAG") published by the Access Board on the same date.[2]

22. The ADA requires removal of existing architectural barriers in facilities existing before January 26, 1992 where such removal is readily achievable. 42 U.S.C. §§ 12181(9), 12182(b)(2)(A)(iv) and 28 CFR § 36.304(a).

23. Facilities newly built or altered after January 26, 1993 must be readily accessible and usable by disabled individuals, including individuals who use wheelchairs. 28 CFR § 36.401

---

[1] The DOJ is the administrative agency charged by Congress with implementing the requirements of the ADA.

[2] The Access Board was established by section 502 of the Rehabilitation Act of 1973. 29 U.S.C. § 792. The passage of the ADA expanded the Access Board's responsibilities. The ADA requires the Access Board to "issue minimum guidelines . . . to ensure that buildings, facilities, rail passenger cars, and vehicles are accessible, in terms of architecture and design, transportation, and communication, to individuals with disabilities." 42 U.S.C. § 12204. The ADA requires the DOJ to issue regulations that include enforceable accessibility standards applicable to facilities subject to Title III that are consistent with the "minimum guidelines" issued by the Access Board, 42 U.S.C. § 12134(c), 12186(c).

and 28 CFR 36.402.

24. The DOJ revised the 1991 ADAAG when it issued The 2010 Standards for Accessible Design ("2010 Standards"), which were published on September 15, 2010.

25. Notably, many of the requirements with respect to parking remained the same in the 2010 Standards.

26. As set forth below, Defendant has failed to comply with those requirements.

## **VIOLATIONS AT ISSUE**

27. Defendant owns, operates, and/or leases a place of public accommodation.

28. Defendant's facilities are not fully accessible to, and independently usable by, individuals with disabilities.

29. On or around March 21, 2015, Plaintiff Wells visited the Defendant's facility located at 80 Jacksonville Road, Ivyland, Pennsylvania 18947.

30. The Defendant's facility is within Plaintiff's regular area of travel.  She has patronized this location in the past and intends to do so again in the future.

31. During her March 21, 2015 visit, Plaintiff, who was using a physician prescribed walker at the time, experienced difficulty and unnecessary risk due to the existence of architectural barriers that impeded her access to, and ability to use, Defendant's facility.

32. Specifically, access aisles required by the ADA to be adjacent to the purportedly accessible parking spaces were either nonexistent or less than 60 inches wide and, therefore, not compliant with ADA requirements.

33. The failure to include the proper access aisle constitutes a violation of Section 502.2 of the 2010 Standards.

34. In addition, as visible in the attached images, no parking spaces were designated

5

"van accessible," as required by the ADA.



35. Section 208.2.4 of the 2010 Standards requires "at least one" van accessible designate parking space for every six accessible parking spaces a facility maintains.

36. Plaintiff Wells will continue to visit Defendant's facility in the future.

37. Indeed, Plaintiff Wells estimates that she has visited Defendant's facility approximately four to six times over the past four years. These visits were primarily to attend family functions and/or dance recitals held there (in which one of her nieces participated).

38. Notably, due to the number of her visits, Plaintiff has attended both the main hall and the satellite facility, both of which are located on Defendant's property.

39. Upon information and belief, Defendant has centralized policies regarding the management and operation of its facility, and those policies are inadequate to ensure compliance with the ADA, as is demonstrated by the fact that Defendant's facility remains non-compliant.

40. Plaintiff will continue to attempt to access Defendant's facility in the future.

6

However, so long as Defendant's facility continues to violate the ADA, Plaintiff will be unable to access it independently and will be, thereby, denied full access to Defendant's facility.

41. Plaintiff requests periodic monitoring to confirm that the public accommodation is brought into compliance and remains in compliance.

42. Without injunctive relief, Plaintiff will continue to be unable to independently use Defendant's facility.

## CLASS ACTION ALLEGATIONS

43. Plaintiff brings this action pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure on behalf of herself and all individuals with disabilities who have attempted to access, or will attempt to access Defendant's facilities (the "Class").

44. Upon information and belief, the Class is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective Class members through this class action will benefit both the parties and this Court.

45. Typicality: Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same unlawful conduct.

46. Common Questions of Fact and Law: There is a well-defined community of interest and common questions of fact and law affecting members of the Class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's facilities and/or services due to Defendant's failure to make its facilities fully accessible and independently usable as above described.

47. The questions of fact and law common to the class include but are not limited to

the following:

    a.    Whether Defendant is a "public accommodation" under the ADA;

    b.    Whether Defendant's conduct in failing to make its facility fully accessible and independently usable as described above violated the ADA, 42 U.S.C. § 12101 *et seq.*; and

    c.    Whether Plaintiff and members of the class are entitled to declaratory and injunctive relief.

48.    <u>Adequacy of Representation:</u>  Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and have no interests antagonistic to the members of the class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

49.    Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

**COUNT I**
**VIOLATION OF THE ADA**

50.    The allegations contained in the previous paragraphs are incorporated by reference.

51.    Defendant's facility was required to be altered, designed, or constructed so that it is readily accessible and usable by disabled individuals. 42 U.S.C. § 12183(a)(1).

52.    The architectural barriers described above demonstrate that Defendant's facility was not altered, designed, or constructed in a manner that causes it to be readily accessible to and

usable by individuals with disabilities, including Plaintiff and the class she seeks to represent.

53. The architectural barriers described above demonstrate that Defendant has failed to remove barriers, as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

54. Defendant's facility is required to comply with the Department of Justice's 2010 Standards for Accessible Design, or in some cases the 1991 Standards 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.406; 28 C.F.R., pt. 36, app. A.

55. Defendant is required to provide individuals with disabilities full and equal enjoyment of its facilities. 42 U.S.C. § 12182(a).

56. Defendant has discriminated against Plaintiff and the Class in that it has failed to make its facility fully accessible to, and independently usable by, individuals with disabilities in violation of the ADA, as described above.

57. Defendant's conduct is ongoing, and, given that Defendant has not complied with the ADA's requirements that public accommodations be fully accessible to, and independently usable by, individuals with disabilities, Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

58. Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period to be determined after the Defendant certifies that it is fully in compliance with the mandatory requirements of the ADA that are discussed above, Defendant's non-compliance with the ADA's requirements that its facility be accessible to, and independently usable, by individuals with disabilities is likely to recur.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the members of the Class, pray for:

A. A Declaratory Judgment that at the commencement of this action Defendant was

in violation of the specific requirements of Title III of the ADA described above;

B.    A permanent injunction which directs Defendant to take all steps necessary to bring its facility into full compliance with the requirements set forth in the ADA, and its implementing regulations, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its facility is fully in compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain in compliance with the law;

C.    An Order certifying the Class proposed by Plaintiff, and naming Plaintiff as the class representative and appointing her counsel as class counsel;

D.    Payment of costs of suit;

E.    Payment of reasonable attorneys' fees; and,

F.    The provision of whatever other relief the Court deems just, equitable and appropriate.

## JURY DEMAND

Plaintiff Wells hereby requests a jury on all issues so triable.

Date: December 3, 2016

Respectfully submitted,
**KALIKHMAN & RAYZ, LLC**

Arkady "Eric" Rayz
Demetri A. Braynin
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone: (215) 364-5030
Facsimile: (215) 364-5029
E-mail: erayz@kalraylaw.com
E-mail: dbraynin@kalraylaw.com

Counsel for Plaintiff and the Proposed Class